DIVISION OF TAX APPEALS.

**IN THE MATTER OF THE APPEALS OF THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD SYSTEM, AND THE LEHIGH VALLEY RAILROAD SYSTEM, FROM THE FRANCHISE EXCISE TAX LEVIED BY THE DIRECTOR OF THE DIVISION OF TAXATION, FOR THE YEAR 1945.**

Decided June 11, 1946.

For the Delaware, Lackawanna and Western Railroad System, *Maximilian M. Stallman.*

For the Lehigh Valley Railroad System, *Raymond J. Lamb.*

For the Director of the Division of Taxation, *Benjamin C. Van Tine* and *Benjamin M. Taub,* Assistant Attorneys-General.

CONKLIN, COMMISSIONER. The Director of the Division of Taxation assessed the Delaware, Lackawanna and Western Railroad System $1,580,739.99, and the Lehigh Valley Railroad System $999,775.65, amounts which he determined to be due and owing the State of New Jersey as franchise excise taxes for the year 1945.

These assessments were made under authority of *Pamph. L.* 1941, *ch. 291,* as amended by *Pamph. L.* 1942, *ch. 169, R. S.* 54:29A–13, *et seq.; N. J. S. A.* 54:29A–13, *et seq.,* which provides for a railroad franchise tax based on the net railway operating income of interstate systems having roads in this state, the allocation of such income taxable in New Jersey being in the proportion which the total track mileage in New Jersey bears to all tracks over which the system operates.

It is contended by the Delaware, Lackawanna and Western Railroad that railway tax accruals, as construed in accordance with the rules and regulations of the Interstate Commerce Commission and accepted and approved by it, are deductible under the Franchise Tax Act from gross revenues in determining the net railway operating income, and are not subject to revision by the Division of Taxation, and that the amounts in question were properly charged to the account "Railway Tax Accruals," for the year 1944.

The Lehigh Valley Railroad argues that the tax law should be strictly construed as against the state; that the Director, in ascertaining its net railway operating income for the year ending December 31st, 1944, for 1945 franchise excise tax purposes, acted unlawfully and without authority in revising the company's railway tax accrual account, which account was in accordance with the rules and regulations of the Commission and was accepted and approved by the Commission; that the Director erred in disallowing as deductions from the company's operating revenues items of railway tax accruals totaling $5,955,099.

The questions raised by the Lehigh Valley Railroad System involve the same questions of law as those raised by the Delaware, Lackawanna and Western Railroad System. The Court of Errors and Appeals has held that "tax accruals" mean the current taxes for the particular year which have been assessed in conformity with law, e. g., the amount certified by the tax assessor, and that the state is not concerned with the bookkeeping practices of the railroad companies. The statute provides that in computing the next preceding year's net railway operating revenue there shall be deducted from the total operating revenue from all sources "railway tax accruals," among other items. The intent therefore is that the deduction for "tax accruals" shall be the amount of the taxes for the year in which "the net operating railway income" is computed. See Norton, &c., v. State Board of Tax Appeals, 134 N. J. L. 57; 45 Atl. Rep. (2d) 799.

The franchise tax appeals, filed for the year 1945 by the above named companies, are dismissed.